UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARON CHAVIS**, *et al.*<br><br>    **Plaintiffs,**<br><br>v.<br><br>**STATE OF NEW JERSEY**, *et al.*<br>    **Defendants.** | Civ. No. 17-2855 (KM)(JBC)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      On April 20, 2017, Plaintiffs Sharon Chavis and Mya Chavis initiated this action seeking injunctive relief and damages against Defendants Jersey City Medical Center ("JCMC"), Meadowview Psychiatric Hospital ("Meadowview," appearing in this action as Hudson County), former Governor Chris Christie, and the State of New Jersey, alleging various civil rights violations. (Compl. at 1).[1] All of the Defendants moved to dismiss the Complaint, which the Court granted on March 12, 2018. (DE 70, DE 71). On April 11, 2018, Plaintiffs filed a notice of appeal. (DE 72) On February 22, 2021, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of subject matter jurisdiction (DE 75).

      Now, Plaintiffs move for a "new hearing."[2] (DE 74). For the reasons stated herein, I will deny that motion. Because the cross-claims for indemnification and contribution are therefore moot, I dismiss them.

---

[1]    Citations to the record will be abbreviated as follows:

    "DE" = Docket entry number in this case.

    "Compl." = Plaintiffs' Complaint (DE 1). The Complaint is not structured in numbered paragraphs. Therefore, I refer to the page numbers assigned through the Electronic Court Filing system.

[2]    Plaintiffs filed their motion as a "Notice of Motion Appeal." (DE 74 at 1). However, the body of the motion asserts the relief being sought as a "New Hearing Request." (*Id.*).

I. **Motion for "new hearing"**

I write primarily for the parties and assume familiarity with the case and my prior decision. As alleged in the Complaint, Plaintiff Sharon Chavis suffered a "minute and temporary" mental breakdown following an altercation with Karen Chavis, one of her daughters, and Karen's boyfriend, Darryl Medina, over the treatment of Sharon's grandchildren.[3] (Compl. at 3-4). Sharon was admitted to JCMC for physical and mental trauma. (Compl. at 3).

Plaintiff Mya, Sharon's other daughter, visited her mother at JCMC, where a nurse informed her that the hospital had released Sharon's information to Sharon's brother and could not release the information to Mya or her mother. (Compl. at 5). Sharon does not have a brother. (*Id.*). Nevertheless, the Complaint alleges that Mya eventually discovered through a stranger that Sharon had been transferred to Meadowview. (*Id.*). At some point, though it is unclear when, a transfer from Meadowview to Kings Adult Care Center in Brooklyn, New York, was requested and denied.[4]

On March 12, 2018, this Court granted the separate motions to dismiss Plaintiffs' Complaint without prejudice. (DE 8 at 8). As explained in the Opinion of the same date, I dismissed Plaintiffs request for injunctive relief in the form of a court order mandating Sharon's release because (1) JCMC instructed Sharon that she was not under any restraints and was free to leave; (2) Sharon was voluntarily, not involuntarily, committed to Meadowview; and (3) there was no dispute that Sharon was discharged from Meadowview view on August 3, 2017. (DE 8 at 4-5). Having found there was no live controversy, I concluded that I was without the authority to act on Plaintiffs' request for injunctive relief. (DE 8 at 5).

Regarding Plaintiffs' claims under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*, and the Fair Housing Act itself, I found that

---

[3]   To distinguish among the family members, I will refer to Sharon Chavis, Mya Chavis, and Karen Chavis by their first names. No disrespect is intended or should be inferred.

[4]   The Complaint is unclear as to which facility allegedly denied the transfer.

the Complaint failed to demonstrate the applicability of that law. (DE 8 at 5-6). Neither did the facts alleged suggest that either JCMC or Meadowview is a "dwelling" as defined under those Acts. (DE 8 at 6). Therefore, I held that Plaintiffs failed to state a claim for relief under either Act. (*Id.*)

With respect to Plaintiffs' claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, I found that the Complaint made only a conclusory statement that Sharon Chavis "was denied the right . . . to a[] housing interview with Kings [Adult Care Center] based on her disability and the inability to contest such a hearing [a]t Meadowview." (Compl. at 9). Because the Complaint offered no more than "labels and conclusions," I concluded that it failed to state claim under the ADA. (DE 69 at 7 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, I dismissed Plaintiffs' other claims arising under New Jersey law. (DE 69 at 7-8). Plaintiffs alleged that Defendants violated the New Jersey Patients' Bill of Rights, N.J. Stat. Ann. § 30:4-24.2, in denying Sharon Chavis her right to a fair hearing. (Compl. at 2). As explained in the March 12 Opinion, however, "the Patients' Bill of Rights provides no substantive or procedural rights regarding the transfer of a patient from one mental health facility to another independent facility." (DE 69 at 7). Plaintiffs also raised a claim under New Jersey's involuntary commitment statute, N.J. Stat. Ann. §§ 30:4-27, *et seq.* (Compl. at 2-3). Critically, however, the Complaint did not allege that Sharon Chavis had been involuntarily committed at all. Instead, Plaintiffs sought to have Sharon committed elsewhere. Plaintiffs also asserted a violation of the New Jersey Adult Protective Services Act, N.J. Stat. Ann. §§ 52:27D-406, *et seq.*, for the "abuse[], exploit[ation,] and neglect[]" she allegedly experienced. (Compl. at 8). However, that statute provides no relief for such allegations; the authority to institute a legal action lies solely with the county director or his or her designees. N.J. Stat Ann. § 52:27D-416.

The dismissal, as I say, was entered without prejudice to a motion to amend the complaint within 30 days. Plaintiffs did not file a motion for

reconsideration. Nor did they move to amend their complaint. Instead, they elected to stand on their complaint as-is. On the 30th day, April 11, 2018, plaintiffs filed their notice of appeal. (DE 71).

On February 3, 2021, the Third Circuit dismissed the appeal for lack of jurisdiction. This court's order granting the motions to dismiss, the Court of Appeals held, was not a final decision, *see* 28 U.S.C. § 1291, because this Court did not expressly dispose of Defendants' cross claims and did not indicate that it entered a partial final judgment under Federal Rule of Civil Procedure 54(b).[5] *Chavis v. New Jersey*, 834 F. App'x 740, 741 (3d Cir. 2021). (*See* DE 75 at 1.)

Now, Plaintiffs request a new hearing "[p]er [the] order of the [United States] Court of Appeals Re-Assigned to NJ District Court." (DE 74 at 1). The Third Circuit did not, however, reverse my prior order; rather, the appellate court dismissed the appeal for lack of jurisdiction, because this Court's decision was not final as to all claims and parties. The Third Circuit did not state or imply that the issues on the motions to dismiss the complaint had not been fully decided. Rather, it noted that certain cross-claims among the defendants remained undecided, and that the court's decision lacked finality for that reason.

Plaintiffs provide no other basis to reopen this Court's decision on their motions to dismiss, nor do they cite to any relevant authority to that effect. (*See* DE 74). Therefore, I will deny Plaintiffs' motion.[6]

---

[5] No party filed any motion in relation to the cross-claims. As the Court of Appeals appeared to acknowledge, because the remaining claims "consist entirely of claims for indemnity and contribution," they might well have been moot as a practical matter. *Chavis*, 834 F. App'x at 742. At least one defendant, however, declined to drop its cross-claim, no doubt fearing a finding of waiver in the event of a reversal and remand. *Id.* The Court of Appeals thus considered itself powerless, in the absence of jurisdiction, to adjudicate that claim of mootness, or any other issue regarding the proceedings in this Court.

[6] No motion for reconsideration was filed, timely or otherwise. It would have been due within 14 days after my decision. *See* D.N.J. Local Civ. R. 7.1(i). Even if timely sought, reconsideration would not have been appropriate, because plaintiffs point to no facts or arguments that were not or could not have been asserted in response to defendants' motions to dismiss.

## II.     Remaining Claims

Defendant the Jersey City Medical Center ("JCMC") filed cross-claims for contribution and indemnity against the other defendants. (as amended, DE 27 at 6–7) JCMC's cross-claim for contribution incorporates the plaintiffs' allegations against the codefendants as the claimed basis for liability. The cross-claim for indemnity, by its explicit terms, applies only "should [JCMC] be adjudged liable" to plaintiffs. *Id.* In its opposition to plaintiffs' motion, JCMC argues that there should be no further proceedings in the case, because the matter has been dismissed on the merits and an appeal has been terminated. (DE 76 at 1). Because I have dismissed plaintiffs' claims and adhered to that ruling in response to their current motion, I will dismiss the pending cross-claims of JCMC as moot.

---

Plaintiffs do not cite to either Federal Rule 59 or 60 in requesting a new hearing. Nevertheless, I find that Plaintiffs have not satisfied the requirements of either Rule.

Assuming Rule 59 is applicable to the present matter, a party may move for a new trial or move to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59 (b), (e). Here, I ordered the dismissal of Plaintiffs' Complaint on March 12, 2018. (DE 70). Plaintiffs allowed that 28-day deadline to elapse even before they filed their notice of appeal on day 30, *i.e.,* April 11, 2018. (DE 71) Plaintiffs moved for a new hearing on February 22, 2021 (DE 74), almost two years after the entry of judgment. Therefore, Plaintiffs' request is untimely under Rule 59.

Under Rule 60, a party may move for relief from a judgment or an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs have not alleged that any of those justifications are present. (*See* DE 74). Further, a Rule 60 motion "must be made within a reasonable time --and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding untimely a Rule 50(b) motion made "almost two years after the district court's initial judgment.").

Defendant Meadowview Psychiatric Hospital (Hudson County) likewise filed cross-claims for contribution and indemnity against its codefendants. (DE 48 at 9) Meadowview's cross-claim for contribution, by its nature, seeks contribution only if Meadowview should be found liable to the plaintiffs. The cross-claim for indemnity explicitly states that it applies "[i]f the Defendant, County of Hudson, become[s] responsible for any judgment." (*Id.*) It is moot for the same reasons.

The remaining defendants filed motions to dismiss in lieu of answering the complaint, which were granted. They did not file any claims in their own right.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for a new hearing is DENIED, and all pending cross-claims are DISMISSED AS MOOT. A separate order follows. This decision is final as to all claims and parties. The clerk shall close the file.

/s/ Kevin McNulty

_____
**KEVIN MCNULTY**
**United States District Judge**